IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HOPKINS CROP INSURANCE**      Case No.:
    **SERVICES, LLC,**      Judge:
An Ohio Limited Liability Company      Magistrate Judge:
c/o Greg Zedeker, Statutory Agent
7642 County Road 10
Zanesfield, OH  43360,

    **Plaintiff,**

-vs-

**GREAT AMERICAN INSURANCE CO.**
An Ohio Corporation
c/o United Agent Group, Inc., Statutory Agent
119 E. Court Street
Cincinnati, OH  45202,

    **Defendant.**
_____/

# COMPLAINT

The Plaintiff, **HOPKINS CROP INSURANCE SERVICES, LLC**, by and through its undersigned counsel, hereby sues the Defendant, **GREAT AMERICAN INSURANCE COMPANY**, an Ohio Corporation, upon the grounds set forth herein below:

## INTRODUCTION

1. The Plaintiff, Hopkins Crop Insurance, LLC (hereinafter referred to as "Hopkins") is an Ohio limited liability company which sells crop insurance products to farmers and producers.

2. The Defendant, Great American Insurance Company (hereinafter "Great American") is an Ohio corporation which issues insurance policies (including crop insurance policies) to customers through the use of insurance agents, such as the Plaintiff.

3. For purposes of policies written for the 2024 crop year, the parties entered into a number of agreements through which the Plaintiff was to sell the Defendant's products to farmers and producers in Ohio and Indiana.

4. Such contracts and agreements included:

    a. The 2024 Reinsurance Year MPCI Commission Agreement and Schedule (attached hereto as **Exhibit A**);

    b. The 2024 Reinsurance Year MPCI Commission ADDENDUM (attached hereto as **Exhibit B**);

    c. The 2024 Reinsurance Year Underwriting Gain Contingency Agreement (attached hereto as **Exhibit C**);

    d. The 2024 Reinsurance Year MPCI Data Processing Agreement (attached hereto as **Exhibit D**); and

    e. The Crop Hail, Supplemental and Named Peril Commission Agreement (attached hereto as **Exhibit E**).

5. These agreements are referred to herein collectively as the "Commission Agreements."

6. During the years 2023 and 2024, the Plaintiff sold a number of the Defendant's Crop Year 2024 insurance policies to customers, including (but not limited to) Multiple Peril Crop Insurance (MPCI) policies.

7. For each of these policies, the Plaintiff was to be compensated pursuant to federal law under the Federal Crop Insurance Corporation and the United States Department of Agriculture's Risk Management Agency (RMA) guidance, regulations, and strictures within the Standard Reinsurance Agreement.  See Exhibits A through D generally; 7 U.S.C. §1508.

8. The Standard Reinsurance Agreement (SRA) is a contract that is controlled and created by federal law. A copy of the SRA pertaining to Crop Year 2024 is attached hereto as **Exhibit F**.

9. All Authorized Insurance Providers (AIPs) are required to enter into for all who wish to issue MPCI policies.

10. The Defendant, who is an AIP and is bound to the SRA for purposes of its federally underwritten crop insurance policies, is required to pay out commissions to insurance agents such as the Plaintiff in accordance with Section III(a)(4) of the SRA and other federal laws. See **Exhibit F** and 7 U.S.C. §1508.

11. The Defendant's Crop Year 2024 insurance policies sold by the Plaintiff qualified for commission payments to Hopkins in accordance with the Commission Agreements. See **Exhibit A**, page 1; **Exhibit B**; **Exhibit C** page 1; and **Exhibit E**, page 1.

12. All of the Crop Year 2024 policies sold by the Plaintiff had their policy premiums paid in full by the insureds.

13. The Plaintiff otherwise fully complied with all of its obligations set forth under the Commission Agreements.

14. The Defendant, however, has refused to make commission payments to the Plaintiff on all Crop Year 2024 policies sold, claiming that federal law, regulations, and the SRA prohibit it from making such payment.

15. The Defendant has also claimed that the provisions of the SRA permit it to withhold commission payments from the Plaintiff.

16. Such a refusal to pay commissions is a material breach of the Commission Agreements entered into between the parties.

17. The Plaintiff has instituted this action to recover such outstanding fees and commissions, which the Plaintiff believes are valued at more than $200,000.00.

### PARTIES

18. The Plaintiff, Hopkins Crop Insurance, LLC, is an Ohio Limited Liability Company with a principal place of business located in Zanesfield, Ohio.

19. The Defendant, Great American Insurance Company, is an Ohio corporation with a principal place of business in Cincinnati, Ohio.

### JURISDICTION & VENUE

20. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 as this matter presents a federal question in the area of federally reinsured crop insurance policies.

21. Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. §1391, as substantial portion of the events giving rise to this claim occurred in this district.

### GENERAL ALLEGATIONS

22. The Commission Agreements are valid and binding contracts between the parties.

23. Hopkins was due commissions for the crop insurance policies issued by Great American and sold to Hopkins' clients.

24. The Defendant collected all premiums due from the Plaintiff's customers under the terms of their individual crop insurance policies.

25. The Plaintiff has otherwise complied with the terms of the Commission Agreements.

### COUNT I: BREACH OF CONTRACT
*2024 Reinsurance Year MPCI Commission Agreement and Schedule
and Addendum*

26. The Plaintiff restates each of the paragraphs above as though fully set forth herein.

27. The parties' 2024 Reinsurance Year MPCI Commission Agreement and Schedule (**Exhibit A**) and the 2024 Reinsurance Year MPCI Commission Addendum (**Exhibit B**) are valid contracts entered into between the parties.

28. The Defendant was required to make commission payments to the Plaintiff for all non-terminated Multiple Peril Crop Insurance policies that the Plaintiff sold in Crop Year 2024.  See **Exhibit A**, page 1; **Exhibit B**.

29. Great American was required to make these commission payments in accordance with the schedule set forth in **Exhibit A**, page 1, and **Exhibit B**, page 1.

30. The Defendant was only permitted commission reductions which were specifically set out in the "Commission Reductions" provisions of the 2024 Reinsurance Year MPCI Commission Agreement Schedule (**Exhibit A**, page 2-3).

31. The Defendant was not permitted under the terms of the 2024 Reinsurance Year MPCI Commission Agreement Schedule to indefinitely withhold the commissions due to the Plaintiff.  See **Exhibit A**.

32. Furthermore, the Defendant was not permitted to refuse to pay out the commissions under the terms of the Commission Agreement and Schedule.  See **Exhibit A**.

33. No other provision within the federal laws, regulations, or the FCIC or RMA guidelines prohibits the Defendant from making commission payments to the Plaintiff for the policies sold for Crop Year 2024.

34. Thus, there are no grounds for the Defendant to refuse to perform its obligations in making commission payments to the Plaintiff under the terms of the Commission Agreements.

35. The Plaintiff performed all obligations and responsibilities it had under the Commission Agreements, and was otherwise in material compliance therewith.

36. The Defendant's refusal to do so is a material breach of the Commission Agreements, and most significantly, the 2024 Reinsurance Year MPCI Commission Agreement and Schedule and its addendum attached hereto as **Exhibits A and B.**

37. The Plaintiff has been damaged by the Defendants refusal to make such payments.

38. The Defendant should be ordered to pay the Plaintiff's compensatory damages, including those direct, consequential, and incidental damages that flowed from its material breach of the 2024 Reinsurance Year MPCI Commission Agreement and Schedule and its addendum attached hereto as **Exhibits A and B.**

WHEREFORE, the Plaintiff, Hopkins Crop Insurance, LLC, respectfully requests this Honorable Court to enter JUDGMENT against the Defendant, Great American Insurance Company, and award the Plaintiff its compensatory damages, plus pre and post judgment interest, and such other relief as is equitable under the circumstances.

## COUNT II:  Breach of Contract
*Crop Hail, Supplemental and Named Peril Commission Agreement*

39. The Plaintiff reavers those allegations set forth in paragraphs 1-25 above as though fully set forth herein.

40. The Crop Hail, Supplemental and Named Peril Commission Agreement (attached hereto as **Exhibit E**) is a valid and binding contract between the parties.

41. The Plaintiff sold crop insurance policies which qualified for commission under the Crop Hail, Supplemental and Named Peril Commission Agreement for Crop Year 2024.

42. The Defendant received premium payments from the Plaintiff's customers who purchased such policies.

43. The Plaintiff fully complied with all of the material terms, obligations, and responsibilities set forth in the agreement.

44. The Defendant was required to make commission payments to the Plaintiff under the terms of the agreement.

45. No provision within the agreement (**Exhibit E**) permitted the Defendant to withhold the commission payments.

46. Furthermore, none of the circumstances existed which would warrant a Set-Off of the commission due to the Plaintiff under the terms of the Agreement.

47. Thus, the Defendant's refusal to pay the Plaintiff the commissions due under the Agreement amounts to a material breach of contract.

48. Consequently, the Plaintiff has been damaged by the Defendant's refusal to pay commissions, as the Plaintiff has done work under the terms of the agreement which has benefitted the Defendant without any compensation.

49. The Defendant should be ordered to pay the Plaintiff's compensatory damages, including those direct, consequential, and incidental damages that flowed from its material breach of the Crop Hail, Supplemental and Named Peril Commission Agreement (**Exhibit E**).

WHEREFORE, the Plaintiff, Hopkins Crop Insurance, LLC, respectfully requests this Honorable Court to enter JUDGMENT against the Defendant, Great American Insurance Company, and award the Plaintiff its compensatory damages, plus pre and post judgment interest, and such other relief as is equitable under the circumstances.

## Count III; Breach of Contract
*2024 Reinsurance Year Underwriting Gain Contingency Agreement*

50. The Plaintiff reavers those allegations set forth in paragraphs 1-25 above as though fully set forth herein.

51. The 2024 Reinsurance Year Underwriting Gain Contingency Agreement (attached hereto as **Exhibit C**) is a valid and binding agreement between the parties.

52. The Plaintiff sold insurance policies which qualified for commission under the terms of the agreement.

53. The Plaintiff fully and materially complied with the terms of the agreement.

54. The Defendant was obligated to make payment to the Plaintiff under the terms of the Agreement.  See **Exhibit C** page 1.

55. No provision within the Agreement permitted the Defendant to withhold the Plaintiff's commissions.

56. Thus, the Defendant is in material breach of its obligations under the terms of the 2024 Reinsurance Year Underwriting Gain Contingency Agreement.

57. The Plaintiff has been damaged by the Defendant's refusal to pay commissions for the policies that the Plaintiff worked to sell on the Defendant's behalf.

58. The Defendant should be ordered to pay the Plaintiff's compensatory damages, including those direct, consequential, and incidental damages that flowed from its material breach of the Crop Hail, Supplemental and Named Peril Commission Agreement (**Exhibit E**)**.**

**WHEREFORE**, the Plaintiff, Hopkins Crop Insurance, LLC, respectfully requests this Honorable Court to enter JUDGMENT against the Defendant, Great American Insurance Company, and award the Plaintiff its compensatory damages, plus pre and post judgment interest, and such other relief as is equitable under the circumstances.

Dated:  December 29, 2025	Respectfully submitted,

**DOUGHERTY, HANNEMAN & PICCIN, LLC**

*/s/ Joseph L. Piccin*
JOSEPH L. PICCIN (0072553)
3010 Hayden Road
Columbus, OH  43235
Tel.:  614-659-9616
Fax:  614-798-1935
Mobile:  614-354-1099
E-mail:  JLP@joepiccin.com

-and-

**FARMER'S LAW GROUP, PLLC**

*/s/ Andrew Z. Tapp*
Andrew Z. Tapp, Esq.
Florida Bar No. 68002[1]
1971 W. Lumsden Road, Suite 326
Brandon, Florida 33511
Tel: 813-228-0658
Fax: 813-330-3129
E-mail:	Andrew@Farmers.Law
	Service@Farmers.Law

---

[1] Pro Hac Vice to be filed promptly.

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HOPKINS CROP INSURANCE, LLC,
An Ohio Limited Liability Company

### DEFENDANTS
GREAT AMERICAN INSURANCE CO.
An Ohio Corporation

**(b)** County of Residence of First Listed Plaintiff: **LOGAN**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOSEPH L. PICCIN (0072553); 3010 Hayden Road, Columbus, OH 43235
Tel.: 614-659-9616; Fax: 614-798-1935; Mobile: 614-354-1099; E-mail: JLP@joepiccin.com
Andrew Z. Tapp, Esq., Metropolitan Law Group, PLLC, 1971 W. Lumsden Road,
Suite 326, Brandon, FL 33511; Telephone: (813) 228-0658; Facsimile: (813) 330-3129;
Email: Andrew@Metropolitan.Law and Andrew@Metropolitan.Legal

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [X] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
7 U.S.C. §1508 and 28 U.S.C. §1331
Brief description of cause:
Breach of Contract

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Dec. 29, 2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ Joseph L. Piccin

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____